FILED
SCRANTON

JUL 1 1 2001

PER ____ DEPUTY CLERK

7/13/01

(5)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Gayle

v.

Hogan

1:CV 01-1282

STANDING PRACTICE ORDER

NOW, IT IS HEREBY ORDERED THAT upon the filing of any pro se civil complaint with this court, the Clerk of Court shall serve a copy of this Order on Plaintiff. Furthermore, if the U.S. Marshal is directed to effect service of the complaint, a copy of the Order shall be served along with the summons and the complaint.

Background

This order is intended to fully inform the parties to this action of their briefing and other responsibilities pursuant to Local Rules of Court 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and Federal Rule of Civil Procedure 56.

Local Rule 7.1 provides that all pre-trial motions must be written, be accompanied by a proposed order, and include a certificate indicating whether the opposing party concurs with the motion. However, no concurrence need be sought in pro se prisoner cases. No more than one motion shall be filed under one cover. A moving party is required by Local Rule 7.2 to serve copies of his or her respective papers upon the opposing party.

If allegations of facts are relied upon in support of a motion, Local Rule 7.3 mandates that the relevant documents must be filed with the court within ten (10) days after the motion is filed. Local Rules 7.4 and 56.1 direct a party filing a motion for summary judgment to file an accompanying short and concise statement of material facts. Local Rules 7.4 and 56.1, paragraph 2 direct a party opposing a summary judgment motion to file a separate concise statement of material facts responding to the movant's statement.

Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within ten (10) days of the filing of the motion. In the event such a moving party does not file a brief in support of his or her motion within the ten (10) day time frame, Local Rule 7.5 provides that such a party shall be deemed to have withdrawn the motion. In the event the moving party does file a timely brief in support of his or her motion, Local Rule 7.6 provides that the party against whom the motion and brief thereon is filed must file a brief in opposition to the moving party's motion, together with any opposing affidavits, deposition transcripts, or other documents, within fifteen (15) days of the filing of the brief thereon. If he or she does not file his or her brief and other documentation within the same time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion and the motion may therefore be granted. Local Rule of Court 7.7 allows the moving party to file a reply brief to the responding party's opposing brief within ten (10) days of the

filing of the opposing brief. However, a reply brief is not mandatory and the failure to file one will not result in detrimental action. Local Rule 7.8 explains what the "Contents and Length of Pre-trial Briefs" should be. As stipulated in Local Rule 7.10, any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment order or decree concerned.

If no discovery has been initiated in a prisoner case, the parties are directed to file appropriate motions within sixty (60) days after the closing of the pleadings as defined in Fed.R.Civ.P. 7(a). If discovery has been initiated by either party prior to that date, the time for filing said motions shall be postponed until thirty (30) days after discovery is closed in conformity with Local Rule 26.4.

Federal Rule of Civil Procedure 56(e) provides that a party who files a motion for summary judgment may file affidavits or other documentation in support of such a motion. Federal Rule of Civil Procedure 56(e) also provides that a party may not rely on the allegations set forth in his or her pleadings, such as a complaint, in the face of affidavits or other documentation filed pursuant to Rule 56 which contradict and undermine the facts set forth in such pleadings. Rather, Rule 56 provides that the party opposing a motion for summary judgment should in the face of affidavits or other supporting documentation contradicting or undermining his or her claim, file his or her own affidavits or other substantiating documentation so as to demonstrate that a genuine issue for trial exists and that summary judgment should

not be granted. Pursuant to Local Rules 7.6 and 7.8 such contravening affidavits or documentation must be filed within fifteen (15) days of the brief, affidavits and other documentation filed by the moving party in support of his or her motion for summary judgment. If such contravening affidavits or supporting documentation are not filed within this time frame, the motion for summary judgment shall be considered solely upon the affidavits or other supporting documentation filed by the party who filed the motion for summary judgment, and in light of the absence of contravening affidavits or other supporting documentation, summary judgment may be granted.

A pro se plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

Attached to this order are copies of Local Rules 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and a copy of the relevant parts of the Federal Rule of Civil Procedure 56.

Accordingly, IT IS HEREBY ORDERED THAT:

All parties shall follow the requirements of these rules or suffer the consequences of their failure to do such,

including possible dismissal of their action. Unless otherwise ordered by the court, there will be no hearing.

THOMAS I. VANASKIE, Chief Judge
Middle District of Pennsylvania

WILLIAM J. NEALON
United States District Judge

SYLVIA H. RAMBO
United States District Judge

MALCOLM MUIR
United States District Judge

JAMES F. McCLURE, JR.
United States District Judge

RICHARD P. CONABOY
United States District Judge

A. RICHARD CAPUTO
United States District Judge

WILLIAM W. CALDWELL
United States District Judge

JAMES M. MUNLEY
United States District Judge

EDWIN M. KOSIK
United States District Judge

YVETTE KANE
United States District Judge

DATED: May 19, 2000

## CHAPTER IV

## PLEADINGS AND MOTIONS

**LR 7.1 Pretrial Motions to be Written.**

All motions filed prior to trial must be written, and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied. No concurrence need be sought in *pro se* prisoner cases. A certificate of nonconcurrence does not eliminate the need for counsel to comply with Local Rule 26.3 relating to conferences between counsel in all discovery motions directed toward a resolution of the motion. Every motion shall be accompanied by a form of order which, if approved by the court, would grant the relief sought in the motion.

**LR 7.2 Service of Pretrial Documents by Movant and Respondent.**

The movant and respondent shall serve copies of their respective papers upon the opposing party at the time such papers are filed with the clerk.

**LR 7.3 Documents Substantiating Pretrial Motions.**

When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts of depositions, and other documents must accompany the motion whenever practicable. In any event, such supporting documents must be filed within ten (10) days after the motion has been filed, unless otherwise ordered by the court.

**LR 7.4 Motions for Summary Judgment.**

For local rule regarding the filing of Motions for Summary Judgment, see LR 56.1.

**LR 7.5 Submission of Briefs Supporting Pretrial Motions.**

Within ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file an original and two (2) copies of a brief with the clerk and shall serve copies thereof on all parties. If the motion seeks a protective order, a supporting brief shall be filed with the motion. Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed to be withdrawn. Briefs shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion or a stipulation which has concurrence of all counsel, and the reasons for the motion or the stipulation and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

**LR 7.6 Submission of Briefs or Memoranda Opposing Pretrial Motions.**

Any party opposing any motion shall file an original and two (2) copies of a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

**LR 7.7 Pretrial Reply Briefs or Memoranda.**

An original and two (2) copies of a brief in reply to matters argued in respondent's brief may be filed by the moving party within ten (10) days after service of the respondent's brief. No further briefs may be filed without leave of court.

**LR 7.8 Contents and Length of Pretrial Briefs.**

Briefs shall contain complete citations of all authorities relied upon, including whenever practicable, citations both to official and unofficial reports. A copy of any unpublished opinion which is cited must accompany the brief as an attachment. The brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument. The brief of the opposing party may contain a counter statement of the facts and of the questions involved and a counter history of the case. If counter statements of facts or questions involved are not filed, the statements of the moving party will be deemed adopted. Unless authorized specially by the judge in a particular case, briefs, including briefs on motions shall be double spaced and limited to fifteen (15) pages each. No brief exceeding fifteen (15) pages shall be filed without prior authorization. Any motion for such authorization shall specify the length of brief requested and shall be filed at least two (2) working days before the brief is due. The brief of each party, if more than fifteen (15) pages in length, shall contain a table of contents, with page references, and table of citations of the cases, statutes and other authorities referred to therein, with references to the pages at which they are cited.

**LR 7.9 Hearings on Pretrial Motions.**

Promptly upon the expiration of the time for filing of all briefs in support of or in opposition to pretrial motions, the judge to whom the action has been assigned may order oral argument at such time and place as the judge shall direct, either in open court or in chambers. The judge, in his or her discretion, may grant oral argument *sua sponte* or at the request of either or both parties.

**LR 7.10 Motions for Reconsideration or Reargument.**

Any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment, order or decree concerned.

**LR 7.20 Post-trial Motions to be Written.**

All motions after trial must be written and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party and that it has been either given or denied. Every motion shall be accompanied by a form order which, if approved by the court, would grant the relief sought in the motion.

**LR 7.21 Service by Movant and Respondent of Post-trial Motions.**

The movant and respondent shall serve copies of their respective papers upon the trial judge and all other parties at the time such papers are filed.

**LR 7.22 Documents Supporting Post-trial Motions.**

When allegations of fact not of record are relied upon in support of a motion, all pertinent affidavits, transcripts of depositions, and other documents must accompany the motion whenever practicable. In any event, such supporting documents must be filed within fifteen

## CHAPTER VIII

## DEPOSITIONS AND DISCOVERY

**LR 26.1 (Reserved)**

**LR 26.2 Service and Filing of Discovery Material.**
For local rule on service and filing of discovery material, see LR 5.4.

**LR 26.3 Discovery Motions, Statement of Conference to Resolve Objections.**
Counsel for movant in all discovery motions shall file with the motion a statement certifying that counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached. If part of the issues raised by the motion have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved.

**LR 26.4 Discovery Proceedings, Closing of.**
In the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party. The word "pleading" shall have the same meaning in this rule as in Fed.R.Civ.P.7(a). After the expiration of the discovery deadline, the parties are deemed ready for trial.

**LR 30.1 Length of Depositions.**
Depositions shall be limited to six (6) hours per deponent, unless the court authorizes a longer period of time.

**LR 30.2 Videotape Depositions, General Authority and Rules Governing.**
Any deposition to be taken upon oral deposition may be recorded by videotape. Except as otherwise provided by this rule, all other rules governing the practice and procedure in depositions and discovery shall apply.

**LR 30.3 Videotape Depositions, Subpoena and Notices of.**
Every notice or subpoena for the taking of a videotape deposition shall state that it is to be videotaped, the name and address of the person whose deposition is to be taken, the name and address of the person before whom it is to be taken, and the name and address of the videotape operator and the operator's employer. The operator may be an employee of the attorney taking the deposition.

**LR 30.4 Videotape Depositions, Transcript.**
A stenographic transcript of the deposition shall not be required, unless, upon motion of any party, or *sua sponte*, the court so directs, and apportions the cost of same among the parties as appropriate. Any party may elect to provide a transcript at his or her expense, in which event

**LR 54.5 Notice of Taxation of Costs.**

Any party requesting taxation of costs by the clerk shall give the clerk and all other parties five (5) days written notice of such request. The clerk shall fix the time for taxation and notify the parties or their counsel.

**LR 54.6 Payment of Clerk's or Marshal's Costs.**

The clerk shall not enter an order of dismissal or of satisfaction of judgment until the clerk's and marshal's costs have been paid. The clerk, in cases settled by parties without payment of costs, may have an order on one or more of the parties to pay the costs. Upon failure to pay costs within ten (10) days, or at such time as the court may otherwise direct, the clerk may issue execution for recovery of costs.

**LR 54.7 Witness Fees, Costs, Etc.**

The fees and mileage of witnesses shall be paid by the party on whose behalf the witness was subpoenaed, and upon the filing of proof of such payment, by affidavit filed in the case, as required by 28 U.S.C. § 1924, such costs shall be taxed and form part of the judgment in the case.

**LR 56.1 Motions for Summary Judgment.**

Upon any motion for summary judgment pursuant to Fed.R.Civ.P.56, there shall be filed with the motion a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

**LR 58.1 Marshal's Deeds.**

Marshal's deeds for property sold in execution shall not be acknowledged or delivered until ten (10) days after the date of the execution sale, during which time any objections to any sale or to the right of the purchaser, as a lien creditor, to apply a lien in satisfaction of a bid shall be filed.

**LR 59.1 New Trials; Amendment of Judgments**

For local rules regarding post-trial motions, see LR 7.10, et seq.

Note to Subdivision (e). This restates substantially the last clause of U.S.C., Title 28, [former] § 763 (Action against the United States under the Tucker Act). As this rule governs in all actions against the United States, U.S.C., Title 28, [former] § 45 (Practice and procedure in certain cases under the interstate commerce laws) and similar statutes are modified insofar as they contain anything inconsistent therewith.

### Supplementary Note

Note. The operation of Rule 55(b) (Judgment) is directly affected by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, § 501 et seq. Section 200 of the Act [50 U.S.C. Appendix, § 520] imposes specific requirements which must be fulfilled before a default judgment can be entered, *e.g., Ledwith v. Storkan,* D.Neb.1942, 6 Fed.Rules Serv. 60b.24, Case 2, 2 F.R.D. 539, and also provides for the vacation of a judgment in certain circumstances. See discussion in Commentary, Effect of Conscription Legislation on the Federal Rules, 1940, 3 Fed.Rules Serv. 725; 3 *Moore's Federal Practice,* 1938, Cum.Supplement § 55.02.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

## Rule 56. Summary Judgment

(a) **For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) **For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) **Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) **Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) **Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) **When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) **Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES

#### 1937 Adoption

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.





Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments. Report of the Commission on the Administration of Justice in New York State (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing an application for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) § 14260) and Illinois (Smith-Hurd Ill.Stats. c. 110, §§ 181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, *The Summary Judgment* (1929), 38 Yale L.J. 423.

**Note to Subdivision (d).** See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the Note thereto.

**Note to Subdivisions (e) and (f).** These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

### 1946 Amendment

**Note to Subdivision (a).** The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in *Peoples Bank v. Federal Reserve Bank of San Francisco*, N.D.Cal.1944, 58 F.Supp. 25, the plaintiff's countermotion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. See *United States v. Adler's Creamery, Inc.*, C.C.A.2, 1939, 107 F.2d 987. The changes are in the interest of more expeditious litigation. The 20-day period, as provided, gives the defendant an opportunity to secure counsel and determine a course of action. But in case where the defendant himself makes a motion for su mary judgment within that time, there is no reason restrict the plaintiff and the amended rule so provid

**Subdivision (c).** The amendment of Rule 56(c), by t addition of the final sentence, resolves a doubt expressed *Sartor v. Arkansas Natural Gas Corp.*, 1944, 64 S.Ct. 7 321 U.S. 620, 88 L.Ed. 967. See also Commentary, Summa Judgment as to Damages, 1944, 7 Fed.Rules Serv. 9 *Madeirense Do Brasil S/A v. Stulman-Emrick Lumber C* C.C.A.2d, 1945, 147 F.2d 399, certiorari denied 1945, 65 S. 1201, 325 U.S. 861, 89 L.Ed. 1982. It makes clear th although the question of recovery depends on the amount damages, the summary judgment rule is applicable a summary judgment may be granted in a proper case. If t case is not fully adjudicated it may be dealt with as provid in subdivision (d) of Rule 56, and the right to summa recovery determined by a preliminary order, interlocutory character, and the precise amount of recovery left for tr

**Subdivision (d).** Rule 54(a) defines "judgment" as cluding a decree and "any order from which an appeal lie Subdivision (d) of Rule 56 indicates clearly, however, tha partial summary "judgment" is not a final judgment, a therefore, that it is not appealable, unless in the particu case some statute allows an appeal from the interlocut order involved. The partial summary judgment is merel pretrial adjudication that certain issues shall be deen established for the trial of the case. This adjudication more nearly akin to the preliminary order under Rule and likewise serves the purpose of speeding up litigation eliminating before trial matters wherein there is no genu issue of fact. See *Leonard v. Socony-Vacuum Oil* C.C.A.7, 1942, 130 F.2d 535; *Biggins v. Oltmer Iron Wor* C.C.A.7, 1946, 154 F.2d 214; 3 *Moore's Federal Pract* 1938, 3190–3192. Since interlocutory appeals are not lowed, except where specifically provided by statute, se Moore, op. cit. supra, 3155–3156, this interpretation is in with that policy, *Leonard v. Socony-Vacuum Oil Co.*, sup See also *Audi Vision Inc. v. RCA Mfg. Co.*, C.C.A.2, 19 136 F.2d 621; *Toomey v. Toomey*, 1945, 149 F.2d 19, U.S.App.D.C. 77; *Biggins v. Oltmer Iron Works*, sup *Catlin v. United States*, 1945, 65 S.Ct. 631, 324 U.S. 229, L.Ed. 911.

### 1963 Amendment

**Subdivision (c).** By the amendment "answers to in rogatories" are included among the materials which may considered on motion for summary judgment. The phr was inadvertently omitted from the rule, see 3 Barron Holtzoff, *Federal Practice & Procedure* 159–60 (Wright 1958), and the courts have generally reached by interpr tion the result which will hereafter be required by the tex the amended rule. See Annot., 74 A.L.R.2d 984 (19

**Subdivision (e).** The words "answers to interrogator are added in the third sentence of this subdivision to conf to the amendment of subdivision (c).

The last two sentences are added to overcome a line cases, chiefly in the Third Circuit, which has impaired utility of the summary judgment device. A typical case i follows: A party supports his motion for summary judgm by affidavits or other evidentiary matter sufficient to sh that there is no genuine issue as to a material fact. adverse party, in opposing the motion, does not produce