IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE, :
:
      Plaintiff :
: CIVIL NO. 1:01-CV-1282
    v. :
: (Judge Caldwell)
THOMAS HOGAN, et al., :
:
      Defendants :

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Plaintiff Desmond V. Gayle, an inmate confined at the York County Prison, York, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiff has filed a document entitled "This is a Motion to obtain a Court Appointed Lawyer on Case #1:01-CV-01281 in Your Court at this time" which will be construed as a motion for appointment of counsel (doc. 8). The motion has not been briefed. In the motion, Gayle requests counsel due to his unspecified mental health problems and "heavy psychiatric medication." (Id.).

    Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray

v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Gayle's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Gayle will suffer substantial prejudice if he is forced to prosecute this case on his own.

It is also important to consider the effort made to retain an attorney before asking the court to appoint one. See Tabron, supra

-2-

6 F.3d at 157 n.5. Gayle does not indicate he attempted to obtain counsel on his own before asking the court to do it for him.

Therefore, Gayle's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua sponte</u> or upon a motion properly filed by the plaintiff.

AND NOW, this 7th day of August, 2001, it is ordered that:

1. Gayle's Application for the Assignment of Counsel is construed as a motion for appointment of counsel.

2. Plaintiff's motion for appointment of counsel (doc. 8) is denied.

*William W. Caldwell*
WILLIAM W. CALDWELL
United States District Judge

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

               * * MAILING CERTIFICATE OF CLERK * *

                      August 7, 2001
```

Re:  1:01-cv-01282    Gayle v. Hogan

True and correct copies of the attached were mailed by the clerk to the following:

```
    Desmond V. Gayle
    CTY-YORK
    York County Prison
    55438
    3400 Concord Road
    York, PA  17402
```

```
cc:
Judge                         (✓)          (✓) Pro Se Law Clerk
Magistrate Judge              ( )          ( ) INS
U.S. Marshal                  ( )          ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( )   with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )   with Petition attached & mailed certified mail
                                    to:  US Atty Gen  ( )    PA Atty Gen ( )
                                         DA of County ( )    Respondents ( )
Bankruptcy Court              ( )
Other_____        ( )
                                              MARY E. D'ANDREA, Clerk

DATE:  8/7/01                          BY: /s/
                                           Deputy Clerk
```