See Attachment

(15)
9/28/01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE, :
:
    Plaintiff :
: CIVIL NO. 1:01-CV-1282
:
    v. : (Judge Caldwell)
:
:
THOMAS HOGAN, et al., :
:
    Defendants :


FILED
SEP 27 2001
PER
HARRISBURG, PA.   DEPUTY CLERK

M E M O R A N D U M

I.    Introduction.

On July 11, 2001, Desmond V. Gayle, an inmate at the York County Prison, York, Pennsylvania, filed this pro se civil rights action challenging his restriction to a diet of so-called foodloaf as a disciplinary sanction.

Presently pending before the Court is Gayle's September 10, 2001, correspondence requesting release from the custody of the INS of one Nelson R. Penalver in light of the Supreme Court's recent ruling in Zadvydas v. Davis, __ U.S. __, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). The Court will construe this correspondence and accompanying exhibits as a motion. For the reasons explained below, this motion will be denied.

II.  Discussion.

In his current motion, Gayle is seeking the release of Nelson Penalver from INS custody. It is unclear to the Court what Gayle's relationship to Penalver is, or whether Gayle uses Penalver as an alias. Regardless of the problematic hurdles this distinction would cause Gayle in his current quest, it is the remedy or relief sought (release), amidst his civil rights complaint, that will thwart Gayle's efforts and require dismissal of the motion.

Gayle or Penalver is attacking the fact or duration of his confinement. As such, the proper remedy is by way of habeas corpus, not a civil rights complaint. Preiser v. Rodriguez, 411 U.S. 475 (1973). The accompanying requirement to a habeas corpus petition, of course, is that the inmate must first exhaust administrative remedies.

After the Supreme Court's decision in Zadvydas, the Attorney General issued a memorandum to the acting Commissioner of the INS directing the Commissioner, among other things, to draft regulations on or before July 31, 2001, that set forth a procedure for aliens subject to a final order of removal to present a claim that they should be released from custody because there is no significant likelihood of deportation in the foreseeable future. See 66 F.R. 38433 (July 24, 2001). Until the promulgation of such

-2-

regulations, the Attorney General further directed the INS to implement specific interim procedures with respect to the specific class of aliens. Those procedures provide, in relevant part, that the INS should immediately start to accept written requests from detained aliens who believe that there is no significant likelihood of their removal in the reasonably foreseeable future. Moreover, the requests should be submitted and considered under the existing custody review procedures established by 8 C.F.R. § 241.4.

Therefore, Gayle, if he believes <u>he</u> is being detained pursuant to an order of deportation, should direct a challenge to his detention to the INS as a request for release under the procedures set forth in 8 C.F.R. § 241.4. The Attorney General made clear that the INS should respond in 30 days or less to such a request.[1]

In any event, the request is not related to his civil rights complaint and can be denied on that basis as well. We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 27, 2001

---

[1] If the Petitioner is dissatisfied with the results, after exhaustion of administrative remedies, he can file a habeas corpus petition.

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SEP 27 2001

DESMOND V. GAYLE,

      Plaintiff

  v.

THOMAS HOGAN, et al.,

      Defendants

CIVIL NO. 1:01-CV-1282

(Judge Caldwell)

O R D E R

AND NOW, this 27th day of September, 2001, it is ORDERED that:

1. Gayle's September 10, 2001, correspondence to the Court requesting release from the custody of the INS (doc. 13) is construed as a motion for release from INS custody.

2. Gayle's motion for release from INS custody (doc. 13) is dismissed without prejudice as to any right plaintiff has to pursue the claims raised in this motion in a properly filed petition for writ of habeas corpus.

3. The Clerk is directed to serve a copy of this order and Gayle's motion (doc. 13) upon defense counsel.

                      /s/ William W. Caldwell
                      WILLIAM W. CALDWELL
                      United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 27, 2001

Re: 1:01-cv-01282    Gayle v. Hogan

True and correct copies of the attached were mailed by the clerk to the following:

Desmond V. Gayle
CTY-YORK
York County Prison
55438
3400 Concord Road
York, PA  17402

Donald L. Reihart, Esq.
Law Offices of Donald L. Reihart
2600 Eastern Blvd.
Suite 204
York, PA  17402

```
cc:
Judge                          (/)           ( /) Pro Se Law Clerk
Magistrate Judge               ( )           (  ) INS
U.S. Marshal                   ( )           (  ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen  ( )   PA Atty Gen ( )
                                         DA of County ( )   Respondents ( )
Bankruptcy Court               ( )
Other_____( )
```

MARY E. D'ANDREA, Clerk

DATE: _9/27/01_   BY: _ASM_
                     Deputy Clerk