

(24) R:
4-1-02

ORIGINAL



FILED
MAR 29 2002
HARRISBURG, PA  DEPUTY CLE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESMOND V. GAYLE, <br> Plaintiff | 3:CV-01-1282 <br> (Judge Caldwell) |
| v. | |
| WARDEN HOGAN AND DEPUTY BOWEN, <br> Defendants | |

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On July 11, 2001, Plaintiff Desmond V. Gayle, hereinafter referred to as "Gayle," filed the above-captioned complaint. In this complaint, Gayle complains that he was placed in the Behavioral Adjustment Unit at the York County Prison, was fed food loaf, which made him ill, and that the Warden refused to change his diet. He also complains that he pled "not guilty" for accusations against him that resulted in 60 days placement in the Behavioral Adjustment Unit.

Gayle claims that while in the Behavioral Adjustment Unit, he had pain, which included periods of only being able to urinate short and small amounts of urine, that caused him to suffer burning in his urinary system. He is asking the Court to require

Warden Hogan and Deputy Warden Bowen to pay him three million dollars because his health was damaged. He also requests that the matter be investigated.

Following the passage of the Federal Prison Litigation Act, 42 U.S.C. §1997(e), the York County Prison Board adopted a detailed procedure to consider the complaints of inmates. (See Exhibit "1," Affidavit of Donald L. Reihart, Esquire)

This procedure provides full administrative relief to an inmate who proves a meritorious claim. The relief may include:

    A. Monetary damages in a fixed amount
    B. Alternative dispute resolution
    C. Changes in procedure
    D. Disciplinary action
    E. Any equitable or legal relief deemed appropriate

The grievance system provides for several levels of appeal of an inmate's complaint. One level of appeal is to the Assistant County Solicitor, who may refer the matter to the Complaint Review Board, which then makes recommendations to the York County Prison Board.

The inmate, if not satisfied with the Solicitor's review or the recommendation of the Complaint Review Board, is permitted to make a direct final appeal to the York County Prison Board.

The administrative procedures specifically state:

> "The grievance system shall not be exhausted within the meaning of the state and federal law unless all reviews and appeals are timely taken and denied."
> (See Affidavit of Deputy Warden Roger Thomas, Exhibit "1")

In the instant case, the inmate was well aware of the administrative system in place. He filed other grievances while an inmate in the prison.

The inmate, however, failed to file any grievance concerning the matters that are set forth in the complaint which he filed to the above-captioned matter.

The Defendants have filed a Motion For Summary Judgment because the Defendant has not exhausted the administrative remedies that are available to address the matters raised in his complaint.

It is also noted that Warden Hogan and Deputy Warden Bowen did not personally impose the conditions about which the inmate complains.

Affidavits filed by Deputy Warden Roger Thomas and Donald L. Reihart, Assistant County Solicitor, confirm that the administrative system was in place in the York County Prison at all times relevant, and that inmate Gayle failed to exhaust those administrative procedures. (See affidavits of Deputy Warden Roger Thomas and Donald L. Reihart, Esq.)

II. **QUESTIONS PRESENTED**

    A. **SHOULD SUMMARY JUDGMENT BE ENTERED IN FAVOR OF THE DEFENDANTS, AS THERE ARE NO GENIUNE ISSUES AS TO ANY MATERIAL FACT, AND THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW?**

III. **ARGUMENT**

In order to survive a summary judgment motion, the party opposing the motion, "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Company v. Zenith Radio 475 U.S. 574, 586 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Young v. Quinlan, 960 Fed. 2d. 351, 357 (3rd Cir. 1992).

Once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file." Astori v. Bell Telephone Co. of PA., 24 Fed. 3rd 508 (3rd Cir. 1994). It is understood that all inferences, however, "should be drawn in the light most favorable to the non-moving party and where the non-moving party's evidence contradicts the movant, then the non-movant must be taken as true." Id., slip Opinion at 7; See also, Dietz Laboratories, Inc. v. Heinz, 647 Fed. 2d. 402 (3rd Cir. 1981).

It is noted that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; the requirement is that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). As to materiality, it is the substantive law's identification of which facts are critical and which facts are irrelevant that govern. Gabi v. Jacoby, 800 Fed. Supp. 1149, 1153 (S.D.N.Y. 1992). A dispute is genuine, only if there is sufficient evidence favoring the non-moving party, for a jury to return a verdict for that party. Anderson, Supra at 242. In summary, if the Court determines that the record taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Gabi, 800 Fed. Sup. at 1154.

Gayle's complaint against the Defendants alleging a claim based upon 42 U.S.C. §1983, should be dismissed. 42 U.S.C.§1997(e) prohibits the filing of an action under 42 U.S.C. §1983, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

In the case at hand, it is submitted that Gayle failed to comply with the Federal law. The inmate has failed to exhaust the administrative remedies that were available to him.

Several Judges in the Middle District have recognized that the York County Prison has in effect, a comprehensive administrative system that under the Prisoner Litigation Reform Act, must be exhausted before an inmate is allowed to proceed under 42 U.S.C. §1983. For example, in <u>Sherman v. Kluber,</u> et al, 3:CV-01-1134, Chief Judge Vanaski dismissed the inmate's complaint for failure to exhaust his remedies and accurately described the grievance system as follows:

> "This case concerns prison conditions at the York County Prison and the alleged loss of plaintiff's property by prison staff while plaintiff was previously detained there. In their Motion to Dismiss, the defendants assert that York County Prison has in effect, a broad-based administrative system that is designed to address all of the allegations set forth in <u>Sherman's</u> Complaint (Document 10, pg. 4)
>
> A submitted copy of the prisoner's grievance procedure provides that inmate claims are to be in writing, submitted on a standardized form and directed to the complaint supervisor. (See document 10, Exhibit A)
>
> The complaint supervisor will thereafter issue a report and recommendation. An inmate who is dissatisfied with the recommendation of the complaint supervisor may file an objection with the Deputy Warden for treatment. If no objection is timely filed, the report and recommendation will be implemented.
>
> Upon receipt of an objection, a Deputy Warden shall issue a decision. If a prisoner disagrees with said decision, an appeal may be filed with the county solicitor who is designated by the county prison board. The solicitor may then recommend a review of the grievance by the complaint review board. It is noted that the complaint review board has the discretion to award monetary damages in a fixed amount.

> If an inmate is not satisfied with the solicitor's review of his case or the decision of the complaint review board, he has the final right to review by the York County Prison Board. The inmate must file the appeal within thirty (30) days of the receipt of notice of the decision appealed. The grievance procedures further provide that the grievance system "shall not be exhausted" within the meaning of the state and federal law, unless all reviews and appeals are timely taken and denied. <u>Sherman</u>, Supra. Pg. 3 and 4."

Inmate Gayle's complaint concerns prison conditions, i.e., quality of food, needing medical care, and being placed in the BAU. It should be noted that 42 U.S.C. §1997(e)(a) makes no distinction between an action for damages, injunctive relief, or both. <u>Fortes v. Harding,</u> 19 F. Supp. 2d 323 (M.D. Pa. 1998). Exhaustion of administrative remedies is required even where the relief sought is not available as long as the reviewing entity has authority to take some responsive action. <u>Booth v. Churner</u>, - ___U.S.___, 2001 WL 567712, at *3-5 (U.S. May 29, 2001.) Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. §1983 or any other federal law. <u>See Id.</u>, at *5 ("...we hold only that Congress has provided in §1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.")' <u>Nyhuis v. Reno</u>, 204 F.3d 65, 67 (3d Cir. 2000) ("...we hold that the PLRA [Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996] amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory – whether or not they provide the inmate plaintiff with the relief he says he desires in his federal action."); <u>Rankins v. Murphy</u>, Civ. A. No. 98-1669, 1998 WL 767441, at *1 (E.D. Pa. November 3, 1998). Furthermore, § 1997e(a)'s exhaustion requirement applies to claims not only involving

actual prison conditions, but also to allegations of excessive force as well as "all prisoner lawsuits." Booth v. Churner, 206 F.3d 289, 298 (3d Cir. 2000), aff'd., ___U.S.___, 2001 WL567712 (U.S. May 29, 2001.)

The system, which is in place at the York County Prison, provides all inmates, including inmate Gayle, with the right to fully address any complaint about prison conditions. The system provides for monetary damages and constitutes a real and effective administrative remedy. The failure to exhaust available remedies is fatal to the inmate's 1983 claims. Gayle's complaint should be dismissed in its entirety. See: Carswell v. Ellis, Civ. No. 3:CV-00-1665 (M.D. Pa. October 30, 2000) (Nealon, J.); Huffman v. Gillis, Civ. No. 3:CV-00-1185 (M.D. Pa. July 31, 2000) (Munley, J.); Camejo v. Caprio, Civ. No. 3:CV-00-0562 (M.D. Pa. March 31, 2000) (Munley, J.); Amey v. Cerullo, et al., Civ. A. No. 3:CV-99-1034 (M.D. Pa. June 22, 1999) (Nealon, J.); Haywood v. Chambers, Civ.A.No. 3:CV-99-0441 (M.D. Pa. April 9, 1999) (Nealon, J.); Rankins, 1998 WL 767441, at *1; Turner v. Boutista, Civ. A. No. C-97-0449, 1997 WL 337567 (N.D. Cal. June 9, 1997), aff'd, 134 F.3d 379 (9th Cir. 1998) (Table); Brooks v. Superintendent Lunk of Div. 10, et al., No. 96C3221, 1996 WL 308268 (N.D. Ill June 5, 1996).

It is noted that United States Supreme Court, in Booth v. Churner, 121 Sup.Ct. 1819 (2001), has held that the Prisoner Litigation Reform Act, "Requires administrative exhaustion even where {the} grievance process does not permit award of money damages and the prisoner seeks only money damages, as long as {the} grievance tribunal has authority to take some responsive action. See also, Irwin v. Hawk, 440 Fed. 3rd, 347, 348 (11th Cir. 1994).

The system which is in place at the York County Prison, provides all inmates, including inmate Gayle, with the right to fully address any complaint about the prison conditions. In fact, the conditions about which he was complaining was being adjusted to provide him relief. He filed the within action before the process could be completed.

In this case, inmate Gayle failed to exhaust the administrative remedies to him, and his claims are not well founded under 18 USC §1983.

In addition, Warden Hogan and Deputy Warden Bowen may not be held accountable under the Civil Rights Act on the theory of *Respondeat Superior*. (Find citation)

## IV. CONCLUSION

Summary judgment should be entered for the Defendants. This inmate has failed to comply with Federal law by failing to use administrative remedies that were available to address all the conditions about which he complains and which are set forth in his complaint.

Based upon the affidavits and other documents filed with the Defendants' Motion For Summary Judgment, there are no genuine issues as to material facts, and it is submitted that the Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard, Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Date: 3/25/01

Assistant Solicitor for York County

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESMOND V. GAYLE, Plaintiff | : | 3:CV-01-1282 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| WARDEN HOGAN AND DEPUTY BOWEN, Defendants | : | |

### CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire, Assistant Solicitor for York County, hereby certify that a true and correct copy of the foregoing Defendants' Brief in Support of Motion For Summary Judgment, was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

> Desmond V. Gayle, Inmate No. 62154
> York County Prison
> 3400 Concord Road
> York, PA 17402

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard, Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Date: 3/25/01

Assistant Solicitor for York County