IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE,         :
                          :
         Plaintiff        :
                          :   CIVIL NO. 1:01-CV-1282
    v.                    :
                          :   (Judge Caldwell)
THOMAS HOGAN, et al.,     :
                          :
         Defendants       :

M E M O R A N D U M

I.  Introduction.

In July 2001, Desmond Gayle, a detainee of the Immigration and Naturalization Service (INS), filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] At that time, Gayle was confined at the York County Prison, York, Pennsylvania.[2] Named as defendants are the following York County Prison officials: Thomas H. Hogan, warden, and David Bowen, deputy warden. The complaint stems from Plaintiff's consumption of "foodloaf," a dietary form of prison discipline, that supposedly injured his health.

We are considering Defendants' motion for summary judgment, premised on Gayle's alleged failure to exhaust available administrative remedies before filing his action. Because an INS

---

[1] Although Gayle does not plead that he is an INS detainee, during the course of this action the court has learned that Gayle is indeed an INS detainee.

[2] Gayle is currently housed at the Tangipahoa Correctional Facility, Amite, Lousiana.

detainee need not exhaust administrative remedies, the motion will be denied.

II. Background.

Gayle alleges the following in his complaint. On March 12, 2002, he was placed in solitary confinement at the York County Prison. Eight days later, he saw a physician at the medical unit after complaining of stomach pain and passing blood in his stool, allegedly because of the foodloaf. Gayle requested the physician to recommend an alternative to the foodloaf. The physician prescribed Metamucil but told him she could not alter the foodloaf disciplinary sanction because Warden Hogan had ordered the foodloaf diet, and only he could change it.

On April 4, 2002, Gayle became sick again, experiencing frequent and painful urination. Approximately an hour later, he was escorted to the medical unit and was seen by a nurse within thirty minutes.

In support of their motion, Defendants have submitted the affidavit of Donald L. Reihart, York County assistant solicitor and custodian of all appeals filed by York County Inmates. (Doc. 25, Reihart Affidavit). According to Reihart, as of the date plaintiff filed the instant complaint, he had not filed an inmate complaint and exhausted his appeals via the York County Prison grievance system concerning "his objections to eating food loaf, being made

sick by food loaf, or being placed in the Behavioral Adjustment Unit". (Id. at ¶¶6-7).

Additionally, Defendants have submitted the declaration of Deputy Warden Thomas who is the custodian of all grievances filed at the York County Prison. (Doc. 25, Thomas Affidavit). Thomas notes that on March 12, 2001, after becoming involved in an altercation with another inmate, Gayle threw Comet cleanser in the other prisoner's face and then picked up a broom, broke it in two, and hit the inmate several times on the head, body and arms. (Id., Thomas Affidavit at ¶ 4). Gayle was given a misconduct and a disciplinary hearing. He was found guilty and sentenced to sixty days in the Behavioral Adjustment Unit. (Id., at ¶ 5). While housed in there, Gayle complained about food loaf. His complaints were "evaluated by the medical department and treated appropriately." (Id. at ¶ 6). Gayle did not file a grievance concerning foodloaf while confined at York County Prison although he did file several other grievances during his stay. (Id., at ¶¶7-8).

Gayle counters this argument by offering his own affidavit stating, in relevant part, "I did so exhausted the remedies of the York County Prison Board, and Addministrations (sic), and was denied several times by the Commissioner." (Doc. 35). He does not submit any documents or exhibits supporting his assertion.

-3-

III. <u>Discussion</u>.

Generally, 42 U.S.C. § 1997e(a) requires inmates in penal institutions to exhaust administrative remedies before filing suit under federal law. The section provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Subsection (h) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

Thus, if plaintiff is a "prisoner" within the meaning of 42 U.S.C. ¶ 1997(e), Defendants could assert a defense of failure to exhaust administrative remedies. However, an INS detainee does not fall within the definition of "prisoner," as defined in that section. <u>See</u> <u>Page v. Torrey</u>, 201 F.3d. 1136 (9th Cir. 2000) (civilly committed sexual predator is not a "prisoner" bound by the exhaustion requirements of 42 U.S.C. § 1997e(a)); <u>LaFontant v. INS</u>, 135 F.3d 158, 165 (D.C. Cir. 1998)(filing-fee requirements of 28 U.S.C. § 1915 do not apply to an incarcerated alien facing removal because an alien is not a "prisoner" as defined in 28 U.S.C. § 1915(h), a definitional provision identical to section 1997e(h));

-4-

Ojo v. INS, 106 F.3d 680, 682 (5th Cir. 1997)(filing-fee requirements of 28 U.S.C. § 1915 do not apply to an immigrant released at the end of his prison sentence to the custody of the INS for deportation proceedings); Omosefunmi v. York County Prison, No. 1:CV-00-2228 (M.D. Pa. Feb. 2, 2001) (Caldwell, J.)(INS detainee is not a prisoner within meaning of section 1915 and cannot be compelled to pay the full filing fee in installments under section 1915(b)); Pedroso v. Hogan, No. 3:CV-00-2209 (M.D. Pa. June 5, 2002)(Kosik, J.)(INS detainee not a "prisoner" and thus not required to comply with exhaustion requirement of section 1997e(a)).

Thus, because Gayle is an INS detainee, section 1997e(a)'s exhaustion requirement does not apply, and Defendants' motion for summary judgement, premised strictly on Gayle's failure to exhaust available administrative remedies, must be denied.

IV.  Filing-Fee Requirement.

The administrative order of July 11, 2001, required Plaintiff to pay the filing fee for this action in installments, as mandated by 28 U.S.C. § 1915(b).  Since Gayle is not a "prisoner" within the meaning of section 1915(h), however, the court will vacate that order and return any funds received from Gayle toward the payment of the filing fee.  For the same reason, the court will grant Gayle's request for leave to proceed in forma pauperis since the information contained in his request indicates he is unable to pay

the fees and costs connected with this lawsuit. The order of July 18, 2001, dealing with that request, will be modified accordingly.

V.   Conclusion.

The parties will be granted an additional thirty days from the date of this order to file dispositive motions since there may be other reasons why this case should not proceed. If no such motion is filed within this time frame, the case will be set for trial.

*William W Caldwell*
WILLIAM W. CALDWELL
United States District Judge

Date: June 27, 2002