**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DESMOND V. GAYLE                   :        CIVIL NO. 1:CV-01-1282
           Plaintiff,           :

       v.                          :        (JUDGE WILLIAM W. CALDWELL)

WARDEN HOGAN and                   :
DEPUTY BOWEN,                      :
           Defendants.          :

**FILED**
HARRISBURG, PA

AUG 2 2 2002

MARY E. D'ANDREA, CLE
Per _____ 976

**DEFENDANTS' BRIEF IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**I.**    **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On July 11, 2001, Plaintiff Desmond V. Gayle, hereinafter referred to as "Gayle",

filed a civil rights Complaint.  In the Complaint, Gayle complained that he was placed in

the Behavioral Adjustment Unit at the York County Prison, where he was fed food loaf,

which he claims caused him to suffer pain and discomfort.  He also complains that he

plead not guilty for accusations against him that resulted in sixty (60) days placement in

the Behavioral Adjustment Unit.

On March 12, 2001, Gayle became involved in an altercation with another inmate.

Gayle left the area of the altercation and returned with a broom and a can of Comet

cleanser.  The Parties became involved in a fight.  Gayle threw Comet cleanser in the

inmate's eyes and beat him with the broomstick.

Gayle was subdued and confined in The Behavioral Adjustment Unit.  At his

disciplinary hearing he plead not guilty but admitted to throwing the Comet cleanser and

beating the inmate.  He was found guilty of assault with a weapon and sentenced to sixty

(60) days in the Behavior Adjustment Unit.  Credit was given for time already served.

Gayle appealed the decision to Deputy Warden Bowen, who he has named as a defendant in this case. Bowen reviewed the matter and denied the appeal. Bowen's refusal to grant his appeal is the only basis for the claim filed against him.

On March 29, 2002, a Motion and Brief was filed by the Defendants requesting the Court to dismiss the action filed against the Defendants on the basis that Gayle had not exhausted his administrative remedies as required by the Prison Litigation Reform Act 42 U.S.C. § 1997(e).

By Memorandum Opinion of June 27, 2002, the Court denied the Defendants' Motion for Summary Judgment holding that because Gayle was an INS inmate he did not fall within the definition of "prisoner" as set forth in the Federal Prisoner Litigation Reform Act 42 U.S.C. § 1997 (e).

The Court granted an additional thirty (30) days to file dispositive motions and substantively granted the Defendants an addition thirty (30) days in which to prepare the necessary documentation for a dispositive motion.

A Motion for Summary Judgment has been filed. This brief is filed in support of that second Motion for Summary Judgment.

II.    **QUESTIONS PRESENTED FOR REVIEW**

   A.    **SHOULD SUMMARY JUDGMENT BE ENTERED IN FAVOR OF THE DEFENDANTS, AS THERE ARE GENUINE ISSUES AS TO ANY MATERIAL FACT AND THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

III.    **ARGUMENT**

A.    **SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF THE DEFENDANTS, AS THERE ARE GENUINE ISSUES AS TO ANY MATERIAL FACT AND THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

Federal Rule of Civil Procedure 56(c) requires that the Court render Summary Judgment "...forthwith, if the pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any, show there was no genuine issue as to any material fact, and the moving party is entitled to Judgment as a matter of law."

To survive a Summary Judgment Motion, the party opposing the Motion must do more that simply show that there is some metaphysical doubt as to the material facts. _Matsushita Electric Industrial Co. v. Zenith Radio_, 475 U.S. 574, 586 (1986), and _Turner v. Shearing-Pullough Corp._, 901 F.2d. 335, 340 (3rd Cir. 1990).

The party moving for Summary Judgment bears the burden of showing the absence of a genuine issue as to any material fact. _Young v. Quinlan_, 960 F.2d. 351, 357 (3rd Cir. 1992).

Once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits, or by the depositions and admissions on file. _Astori v. Bell Telephone Co. of Pa._, 24 F.3d. 508 (3rd Cir. 1994). It is understood that all inferences, however, should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence

contradicts the movant, then the non-movant must be taken as true. *Dietz Laboratories,*

*Inc. v. Heinz, 647 F.2d. 402 (3rd Cir. 1981):*

> The mere existence of some alleged factual dispute between
> the parties will not defeat an otherwise properly supported
> Motion for Summary Judgment; the requirement is that there
> be no genuine issue of material fact.

*Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986).* As to materiality, it

is the substantive law's identification of which facts are critical and which facts are

irrelevant that govern. *Gabi v. Jacoby, 800 Fed.Supp. 1194, 1153 (S.D. NY 1992).* A

dispute is genuine only if there is sufficient evidence favoring the non-moving party, for a

jury to return a verdict for that party. *Anderson, 477 U.S. 242, 247-48 (1986).*

In summary, if the Court determines that the record, taken as a whole, could not

lead a rational trier of fact to find for the non-moving party, there is no genuine issue for

trial. *Gabi, 800 Fed. Supp.1154.*

Gayle complains that he was not treated appropriately by the medical department

of the prison. Abdominal pain, burning and frequent urination and blood in his stool, were

reported symptoms that he attributed to the disciplinary diet of food loaf that is served to

inmates in the Behavioral Adjustment Unit [BAU]. The medical director and other

healthcare employees looked for and found no evidence that Gayle was in fact

experiencing the reported symptoms. The pH in his urine was normal. His frequent

examinations provided no evidence of illness. One entry in Gayle's medical chart

suggested that he was "malingering", presumably to avoid consuming the food loaf.

The medical director's affidavit establishes that food loaf is nutritious and provides all the calories, vitamins and food groups necessary for maintaining good health. Gayle suffered no illnesses while confined in the BAU. In short, the diet meets the nutritional needs of the inmates in the BAU and provided Gayle with adequate nutrition while he was confined in the BAU.

The serving of food loaf is not unconstitutional. _LeMaire v. Maass_ 12 F.3d. 1444 (9th Cir. 1993). _Stewart v. Block_ 938 Fed.Supp. 582 (C.D. California 1996). _Breacil v. Bartlett_ 998 Fed.Supp. 236 (W.D. New York 1997).

The "food loaf" used at the York County Prison is made from the food that is served to the other prisoners that day. However, it is ground, mixed with a muffin mix, a nutritional additive and provides healthful food to inmates receiving discipline.

Warden Hogans affidavit provides:

> "I have found that food loaf, while having no adverse physical effects on the inmate, provides disciplinary incentive for the inmates not to want to be placed in the BAU, solves a long time problem of inmates who threw food and liquids that were served to them in the BAU and generally assist in maintaining good order and discipline in this facility."

The prison medical director affirmed the food loaf served to inmates in the BAU have been approved by a registered dietitian as an adequate source of nutrition containing the requisite calories, vitamins and food groups required to maintain good inmate health. The medical director also affirmed that Gayle suffered no adverse health consequences from eating food loaf or being confined in the BAU.

It is noted that only those conditions of confinement that deny a prisoner "the minimal civilized measure of life's necessities are sufficiently grave to form an Eighth (8th) Amendment violation. *Hudson v. McMillion* 503 U.S. 1, 112 Sup.Ct. 995, 117 L.Ed. 2nd 156 (1992).

As an INS prisoner, Gayle is probably entitled to an analysis of his claim under the Fourteenth (14th) Amendment. It is noted, however, that the same standard applies to the claim of improper diet as applies to alleged Eighth (8th) Amendment violations. *Redman v. County of San Diego* 942 F.2d. 1435, 1441 (9th Cir.) cert. denied, 502 U.S. 1074, 112 Sup.Ct. 972, 117 L.Ed. 2nd 137 (1995).

> "The Fourteenth (14th) Amendment, like the Eighth (8th) Amendment, must draw its meaning from evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble* 429 U.S. 97, 104, 97 Sup.Ct. 285, 291, 50 L.Ed. 2nd 251 (1976).

The question presented by Gayle's Complaint is whether the Defendant, Warden Hogan or Deputy Warden Bowen, were deliberately indifferent to Gayle's claims of sickness. Pretrial detainees are entitled medical that is at least as good as that require for convicted prisoners under the Eighth (8th) Amendment. *Colburn v. Upper Darby Township* 838 F.3d. 663 (3rd Cir. Pennsylvania 1988).

The deliberate indifference standard applies to pretrial detainees. *Lile v. Tippeconoe County Jail* 844, Fed.Supp. 1301(N.D. IND. 1992).

There is no evidence that the Defendants or the medical section was indifferent to the medical complaints made by Gayle. He was examined. Despite being suspected of

malingering, reasonable efforts were made to determine whether his complaints were valid.  He was put on a regular surveillance by the nursing staff as a result of his complaints.

In addition, it is important to note that neither Warden Hogan nor Deputy Warden Bowen was involved in the inmate's medical care.  Liability may not be imposed in a 1983 action on the traditional standards of respondiat superior.  _Capone v. Marinelli_ 868 F.2d. 102, 106 (3rd Cir. 1989).  _Hampton v. Holmesburg Prison Officials_ 546 F.2d. 1017, 1082 (3rd Cir. 1970).  In _Capone_ the Court stated "...that supervising personnel are only liable for 1983 violations of their subordinance if they knew of, participated in or aquiest in such conduct " Id. at note 7.  There is absolutely no evidence indicating that either Warden Hogan or Deputy Warden Bowen was in any way involved with the health care provided to Gayle.

It is noted that Deputy Warden Bowen's only connection with Gayle arose from denying his disciplinary appeal.  Gayle apparently claimed in his disciplinary hearing that he was just beating the prisoner in self-defense.  The hearing established that he left the area after an altercation, armed himself with a can of Comet and a broomstick, before returning to engage in a fight with the other inmate.

It is submitted that merely denying a disciplinary appeal is not a constitutional violation.  This prisoner's disciplinary confinement for attacking and beating another

inmate with a broom handle was not unconstitutional, nor was the denying of his appeal.

*Sandin v. Connor* 515 U.S. 472, 115 Sup.Ct. 2293 (1995):

> Second, the *Hewitt* approach has lead to the involvement of federal courts in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone. In so doing, it is run counter to the view expressed in several of our cases that federal courts out to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. *Wolff* 418 U.S. Ed. 561-563, 94 Sup.Ct. at 2977-2978. *Hewitt* 459 U.S. at 470-471, 103 Sup.Ct. at 870-871 ...such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life. The common subject of prisoners claims since *Hewitt*.

The Supreme Court recognized that the punishment of incarcerated prisoners is necessary for prison management and prisoner rehabilitative goals. The Court stated:

> Admittedly, prisoners do not shed all constitutional rights at the prison gate. *Wolff* 418 U.S. Ed. 555, 94 Sup.Ct. at 2974, but "lawful incarceration brings about the necessary withdraw or limitation of may privileges and rights, a retraction justified by the considerations underlying our penal system..." Discipline by prison officials in response to a wide range of misconduct, falls within the expected perimeters of the sentence imposed by a court of law.
>
> "...this Court has not had the opportunity to address, in an argued case, that question whether disciplinary confinement of inmates, itself, implicates constitutional liberty interest. We hold that *Connor's* discipline and segregated confinement did not present the type a typical significant depravation in which a state might conceivable create a liberty interest..."

It is submitted, therefore, that the disciplinary sentence of sixty (60) days confinement in the BAU did not provide Gayle with any constitutional claim arising from Deputy Warden Bowen's refusal to grant his appeal.

## IV. **CONCLUSION**

Gayle filed a federal civil rights lawsuit because he objected to his placement in the BAU. He complains that his placement there apparently was unjustified and that the food made him sick. His complaints, however, are unfounded. There is no valid basis to conclude his civil rights were violated by the Defendants or anyone providing him health care.

There are no issues of fact for the jury to determine. Judgment should be entered for the Defendants.

Respectfully submitted,

By: _____
        Donald L. Reihart, Esquire
        Sup. Ct. I.D. # 07421
        2600 Eastern Boulevard
        Suite 204
        York, PA 17402-2904
        Telephone (717) 755-2799

Date: ___8 - 22 - 02___         Assistant Solicitor for York County

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNYSYLVANIA

DESMOND V. GAYLE           :      CIVIL NO. 3:CV-01-1282
        Plaintiff,        :
                          :
      v.               :      (JUDGE WILLIAM W. CALDWELL)
                          :
WARDEN HOGAN and        :
DEPUTY BOWEN,           :
        Defendants.    :

### CERTIFICATE OF SERVICE

    I, Donald L. Reihald, Esquire, Assistant Solicitor for York County, hereby certify that a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment of the Defendants, Warden Hogan and Deputy Bowen, was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid, addressed as follows:

> Desmond Gayle
> Tangipanoa Parish Prison
> P.O. Box 250
> Amite, LA  70422

Respectfully submitted,

By: _Donald L. Reihart_
     Donald L. Reihart, Esq.
     Sup. Ct. I.D. #07421
     2600 Eastern Boulevard, Suite 204
     York, PA 17402-2904
     Telephone (717) 755-2799

Date: _8-21-02_           Assistant Solicitor for York County