46

8/27/02

FILED
HARRISBURG, PA

AUG 2 2 2002

MARY E. D'ANDREA, CLE
PER _____

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE,          :     CIVIL NO. 3:CV-01-1282
      Plaintiff,          :
                :
        v.          :     (JUDGE WILLIAM W. CALDWELL)
                :
WARDEN HOGAN and          :
DEPUTY BOWEN,          :
      Defendants.          :

### DEFENDANTS' WARDEN HOGAN AND DEPUTY BOWEN
### STATEMENT OF UNDISPUTED FACTS

The Defendants submit the following Statements of Undisputed Facts, as required

by Middle District Local Rule 7.71:

1.

Desmond V. Gayle was lawfully confined in the York County Prison on and after

March 12, 2001.  (Affidavit, Deputy Warden Dennis Bowen)

2.

On March 12, 2001, Desmond V. Gayle became involved in a fight with another

inmate.  After a brief period of name calling, both inmates went to their cells.  Inmate

Desmond V. Gayle got a container of Comet cleanser and went back to the day room.

Gayle threw Comet in the other inmate's face and eyes.  Gayle then picked up a broom

and broke it in two.  Gayle hit the other inmate several times in the head, body and arms.

The broom broke as a result of the force used in the attack.  The fight ended when the

other inmate ran up the stairs to wash Comet from his eyes.  Gayle was taken into

custody and placed in the BAU.  (Affidavit, Deputy Warden Bowen)

3.

On March 15, 2001, a disciplinary hearing was held to determine whether or not inmate Desmond Gayle was guilty of any infraction arising from the altercation and fight that occurred on March 12, 2001.  (Affidavit, Deputy Warden Bowen)

4.

At the hearing inmate Gayle admitted that he threw Comet into the other inmates face and that he struck the other inmate with a broom, claiming that the problem was now solved.  (Affidavit, Deputy Warden Bowen)

5.

On March 15, 2001, the hearing officer determined "based on the content of the report and inmate Gayle's admission during testimony that he had thrown Comet in the inmates face and had struck him with a broom handle, that he was guilty of assault with a weapon." (Affidavit, Deputy Warden Bowen)

6.

On March 15, 2001, Desmond Gayle was sentenced to sixty (60) days in the Behavioral Adjustment Unit and was given four (4) days credit for time already served. (Affidavit, Deputy Warden Bowen)

7.

Desmond Gayle appealed his conviction before the disciplinary officer on March 15, 2001. (Affidavit, Deputy Warden Bowen)

8.

In the appeal dockets inmate Gayle claimed "I was on clean-up that day of the incident so therefore the Comet was in my possession.  It was my turn to clean the toilet, sink and shower.  The broom was just standing inside the day room when I happened to see it there.  Inmate True [Sick] runs the pod.  He decides what the pod watch on TV and what we don't watch.   If a movie on channel F and he said that he seen it already then nobody get to watch the movie channel F.  True told Tang to attack me without delay.  He said it in a loud voice.  Everybody heard they said it." (Affidavit, Deputy Warden Bowen)

9.

Deputy Warden Bowen, in passing upon the appeal of Desmond Gayle, found "Yes you were head-butted and received a busted lip.  In response you then threw scouring powder in the inmate's eyes and beat him with a broken broom handle.  I will make no change in the decision of the Disciplinary Hearing Committee, appeal is therefore denied." (See Exhibit "A" attached to the Affidavit of Deputy Warden Bowen)

10.

Deputy Warden Bowen had not other direct contact with Desmond Gayle and did not direct or become involved in the matters that occurred while Gayle was placed in the BAU confinement in the York County Prison. (Affidavit, Deputy Warden Bowen)

11.

Desmond V. Gayle is an INS Jamaican detainee who has a history of depression and schizophrenia.   (Affidavit, Patricia L. Sowers, M.D.)

12.

Before confinement in the BAU on March 12, 2001, inmate Desmond Gayle had no history of gastrointestinal disease or food intolerance. (Affidavit, Patricia L. Sowers, M.D.)

13.

On March 12, 2001, Desmond V. Gayle was treated for an abrasion on his upper lip and placed in BAU status after being cleared by the medical section. (Affidavit, Patricia L. Sowers, M.D.)

14.

While in the Behavioral Adjustment Unit, he complained of abdominal pain and "feeling sick from food loaf". (Affidavit, Patricia L. Sowers, M.D.)

15.

Desmond V. Gayle was seen in the medical section of the prison by a physician's assistant who preformed a physical examination that revealed no remarkable findings and noted that it was suspected that Desmond V. Gayle was malingering to avoid being fed food loaf. (Affidavit, Patricia L. Sowers, M.D.)

16.

On March 26, 2001, he was examined again after a sick call slip complaining that food loaf was causing him pain.  After an evaluation it was determined that he did not present any significant abdominal findings on examination. (Affidavit, Patricia L. Sowers, M.D.)

17.

On April 4, 2001, another sick call slip was submitted with the inmate complaining of abdominal pain and difficulty in urination.  Because of the frequency of his sick call slips in which he made claims of abdominal pain, burning upon urination and passing blood in his stool, for which there were no objective evidence of any findings to substantiate his complaints, he was placed on a weekly nursing sick call schedule. (Affidavit, Patricia L. Sowers, M.D.)

18.

The medical staff determined that inmate Desmond Gayle had no problems digesting the ingredients contained in food loaf that was served to and that it in no way adversely affected his health. (Affidavit, Patricia L. Sowers, M.D.)

19.

The food loaf diet served to inmates on BAU status has been approved by a registered dietitian as an adequate source of nutrition containing the requisite calories, vitamins and food groups necessary to maintain an inmate's good health. (Affidavit, Patricia L. Sowers, M.D.)

20.

None of the ingredients in food loaf would cause the symptoms of abdominal pain, urinary problems and rectal bleeding in a healthy inmate, and Mr. Gayle showed no evidence of being physically unhealthy before or after eating food loaf. Gayle suffered no adverse health consequences from eating food loaf or being confined in the BAU. (Affidavit, Patricia L. Sowers, M.D.)

21.

At no time was Desmond V. Gayle denied medical care or treatment. (Affidavit,
Patricia L. Sowers, M.D.)

Respectfully submitted,

By: _____

Donald L. Reihart, Esquire
Sup. Ct. I.D. # 07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Date: _8-21-02_

Assistant Solicitor for York County

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNYSYLVANIA

DESMOND V. GAYLE          :     CIVIL NO. 3:CV-01-1282
       Plaintiff,          :
                         :
      v.          :     (JUDGE WILLIAM W. CALDWELL)
                         :
WARDEN HOGAN and          :
DEPUTY BOWEN,          :
          Defendants.          :

### CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire, Assistant Solicitor for York County, hereby certify that a true and correct copy of the foregoing Statement of Undisputed Facts of the Defendants, Warden Hogan and Deputy Bowen, was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid, addressed as follows:

        Desmond Gayle
        Tangipanoa Parish Prison
        P.O. Box 250
        Amite, LA  70422

        Respectfully submitted,

        By: _____
           Donald L. Reihart, Esq.
           Sup. Ct. I.D. #07421
           2600 Eastern Boulevard, Suite 204
           York, PA 17402-2904
           Telephone (717) 755-2799

Date: _8 - 21 - 02_          Assistant Solicitor for York County