

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE,      :
                       :
          Plaintiff    :
                       :    CIVIL NO. 1:CV-01-1282
     v.                :
                       :    (Judge Caldwell)
THOMAS HOGAN, et al.,  :
                       :
          Defendants   :

O R D E R

FILED
HARRISBURG, PA

FEB 2 5 2003

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering the defendants' motion for summary judgment. The pro se plaintiff, Desmond Gayle, a detainee of the Immigration and Naturalization Service (INS), filed this civil rights action pursuant to 42 U.S.C. § 1983. At that time, Gayle was confined at the York County Prison, York, Pennsylvania.[1] Named as defendants are two York County Prison officials, Thomas H. Hogan, warden, and David Bowen, deputy warden.

The complaint stems from Plaintiff's consumption of "foodloaf," a dietary form of prison discipline. Plaintiff alleges that the foodloaf caused him medical problems and that Defendants failed to treat him. He also might be complaining about sixty days

---

[1] Gayle is currently housed at the Tensas Parish Detention Center, Waterproof, Louisiana.

he spent in disciplinary confinement as a result of a fight he had with another inmate; at least Defendants briefed this issue.

In support of their motion, Defendants filed a statement of undisputed material facts accompanied by affidavits. After Plaintiff was advised of his need to oppose the motion, he filed a brief in opposition on October 24, 2002, which reiterates his claim that the foodloaf injured his health by causing pain and blood in his urine. (The brief also asserted that he was cured when a physician's assistant tested his urine and prescribed a drug for him.) Plaintiff presented no evidentiary material.

An INS detainee is the legal equivalent of a pretrial detainee. See *Despaigne v. Crolew*, 89 F. Supp. 2d 582, 585 (E.D. Pa. 2000). Thus, Plaintiff's foodloaf claim is governed by the Due Process Clause of the Fourteenth Amendment rather than by the Eighth Amendment, which applies only to convicted inmates. See *Natale v. Camden County Correctional Facility*, ___ F.3d ___, ___, 2003 WL 257449 at *4-5 (3d Cir. 2003). The Third Circuit applies the same standard to a Fourteenth Amendment medical claim as it does to an Eighth Amendment one. *Id.* at ___, *5. Thus, Plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Id.* at ___, *5 (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

We have evaluated Defendants' summary-judgment motion under the well established standard. *See Showalter v. University of Pittsburgh Medical Center*, 190 F.3d 231, 234 (3d Cir. 1999). In doing so, we have reviewed Defendants' submissions and their unopposed evidentiary material. We conclude that their motion has merit. As they detail, Plaintiff was examined every time he complained about a medical problem and was monitored for any illness. The foodloaf, made from ingredients served to the other inmates, would not have caused the symptoms he complained about. Finally, Plaintiff had a hearing on the fighting incident before being given disciplinary confinement so there would appear to be no due process violation. In any event, Plaintiff does not specify any constitutional violation that might have occurred in connection with his disciplinary confinement.

Accordingly, this 25th day of February, 2003, it is ordered that:

    1. Defendants' motion (doc. 44) for summary judgment is granted.

    2. The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff and close this file.

      3. Any appeal from this order would not be in good faith.

*/s/ William W. Caldwell*
William W. Caldwell
United States District Judge